v. Diamond 19-4083. May it please the court, my name is Brittany Franson. I represent the appellants Hillary Ann Diamond Evans and the estate and trust of Greg Diamond. Your honors, life insurance benefits and retirement benefits are different and they have different purposes and for this reason we ask this court to reverse the lower court's decision and find that FERSA, which governs the TSP account issue, does not preempt the state's post distribution suit against Betty Diamond. A brief summary of why we're here, in 2013 Greg and Betty Diamond agreed on a divorce decree that awarded all interest in Greg Diamond's TSP retirement account to Greg Diamond. Greg Diamond passed away and Ms. Diamond has since indicated that if the TSP account proceeds are paid to her that she intends to retain them and so the estate brought this suit saying that if asking for a declaratory judgment saying that if she retains the proceeds she'll be violating the divorce decree. Can you pull that up just a little bit? Yes, and the court below dismissed the estate's case finding that FERSA preempts the post distribution case. However, post distribution suits in this case do not contravene a clear and substantial federal interest. Before a state law can be preempted it must be the manifest and clear purpose of Congress that there's preemption. In addition, another layer here is that we're dealing with an area of state family law. There's actually a presumption against preemption in areas such as this and state family law is not preempted unless it does major damage to a clear and substantial federal interest. All those arguments were made to Hillman also and the majority rejected those arguments, right? That is correct, Your Honor. However, Hillman is different because Hillman was dealing with a federal life insurance case. And so and that's what I want to get to. So your argument is that FERSA involves retirement benefits and the three other Supreme Court cases that the district court relied on involved life insurance and that unlike life insurance the Congress would have been concerned solely in FERSA with protecting the employees benefits during his or her lifetime, correct? That is correct, Your Honor. Is there anything that that you can point us to in the legislative history or a case or even a congressional remark that supports that? That that was the sole purpose of FERSA. It wasn't concerned with errors. So, Your Honor, there's not a case specifically that we can point you to. However, the burden is not on us to show the purpose. The court below said the purpose is to take care of this secondary beneficiary but there's nothing that we're aware of that says that this was actually Congress's purpose in enacting FERSA. If that was Congress's purpose then Congress would have made some allowance that said there are going to be some funds left over for the secondary beneficiary and we're going to make sure they get them. There's nothing in the statutory scheme that shows that. What about the order of the order of the priority that's laid out in FERSA? Isn't that on its the based on the text of protecting the worker during his or her lifetime but also with regard to errors otherwise Congress wouldn't have bothered to lay out an order of precedence among who was to take whatever assets in the Thrift Savings Plan. No, Your Honor. So the order of precedence does tell the government this is where the money should go if there are any problems. It gives them it speaks to the administrative convenience with giving them clear direction about where to actually distribute the money but it does not mean that Congress wanted to make sure that these secondary beneficiaries both received and were able to make use of these funds because again with a retirement fund there's no guarantee that you're even going to have benefits at the end of it. Someone puts money in and then when they retire they they take benefits out and hopefully that lasts their whole lifetime but if it doesn't then there's nothing left at the end and the secondary beneficiary doesn't get anything and Congress made no provision for that secondary beneficiary to make sure that there would be any funds left over. You just stated that the federal government's position is premised on administrative efficiency. There's something in the some type of statutory history or something that says that? No, Your Honor. We're not aware of that. We are analogizing to ERISA, which is another which is another federal statutory scheme that governs private retirement benefit accounts and in cases that talk about ERISA they talk about administrative efficiency and giving people direction about what to do and so we are analogizing to ERISA because we have we're dealing with FIRSA here which is also a retirement account and the court below didn't want to look towards ERISA and looked instead towards these life insurance accounts but this creates a strange and arbitrary distinction where the government says we're going to regulate private insurance accounts this way and we're going to say that you can have post-distribution suits in private insurance or private retirement benefits accounts but you can't in government retirement accounts and there seems to be no reason for that distinction other than courts started to rely on these insurance cases instead of relying on the ERISA cases and it's error to rely on these insurance cases because in an insurance case what you have is you have someone who purchases this insurance plan specifically to take care of their their beneficiaries and if you go back and you look back far enough some of these insurance plans go back to World War two and Congress was concerned about servicemen morale so and and these servicemen are you know in combat and they can't get commercial life insurance but they still have families they want to take care of so Congress said okay we're going to create this life insurance plan for you to improve your morale and to make so do I yours Hilburn specifically said that reasoner and Whistler did not rely on the improvement of servicemen's morale right your honor I actually believe that that Ridge that Ridgeway does mention that I it doesn't mention it but yes just a subtle beer specifically say that your honor I would have to look but I actually believe that they that they did and and regardless you still have this this whole scheme which is that we we set this this insurance account up specifically for this residual beneficiary in a retirement account you don't do that you don't set up your retirement account to take care of your heirs you set up your retirement account to take care of yourself and so if you're relying on these other insurance cases which are worried specifically about these contingent beneficiaries it's it's just not a where do you get that because if I were to opine I would say a person who has a decent retirement plan is concerned about their own retirement and what happens in the money if they don't draw it all out yes your concern you are obviously concerned about the money if you don't draw it all out but you're not husbanding the money or not spending the money specifically so that you can leave it towards someone else the point of the money is to take care of yourself isn't that part of state planning is it that many people do because there's a tax benefit there can be a tax benefit of passing a retirement account to a yes your honor however there's still nothing in the retirement account that says that there's going to be a specific amount that's going to be left over for your heirs after you pass away council I'm what's left over it appears to me and looking at what the district court did below that he said that under the thrift savings plan that that would that not only did it belong to the person who had by by court degree decree not be entitled to it but he goes further and says that that that right is preempted aren't we arguing about preemption here just like they did on sigla and the nice were you on the wiser cases isn't that what the trial court did below your honor yes we are arguing about preemption however well now then let me go a little bit further because you've got three separate statutes I think involved in this whereas under Wisner and the other case which was the sigla and then and I said they talk about preemption and why you can't get at that but did you look at the first of statute on thrift savings and see if there's those same that same used in so far as the thrift savings TSA so your honor the language at the court below was looking at was the statutory order of precedence however it's error to simply say this statute has the same purpose as either as these other statutes just because it has a statutory order of precedence the law is clear that the bar is higher than that you have to find the clear and manifest purpose of Congress and a similar scheme that says okay if we have money left over this is where it goes doesn't mean that's not the scheme in this case what you have in this case is that you have a pot of money and that on his death it goes to the ex-wife who had voluntarily under court decree and state court waived any interest into that and what the district court did below is said no state court order has no effect because this money is preempted and it goes to the named beneficiary that he never changed now the essence of the way I read of what the trial court did is take away any action that the estate or deceased man claiming an unjust enrichment claim and state court based upon the waiver that's clearly ended in the court and only way that can be done is if we say yes it is totally preempted right that is correct your honor okay now how do you get around I mean I've been hearing about how do you get around that clear language so as to the state not being able to even hear and enforce its own decree right so a couple of points your honor one is that if this case was brought under ERISA there's pretty wide it's not brought counsel don't tell me about ERISA why this specifically yeah there's nothing in the statute specifically that says that this can't be brought your honor there's funds to Ms. Diamond and us bringing this claim directly against Ms. Diamond which cuts out the government altogether well now wait a minute counsel there specifically the TSA is only obligated to give the money to the beneficiary the question is is it preempted can no one else get at that money period and that's in essence what's happened it's denied you your client the opportunity to say wait a minute you know you're saying court it's pretty if it is preempted you lose right yes okay so I need to know how you get around preempt without looking at ERISA I'm looking at the first with just looking at at first so your honor and and to be clear the court below found it was preempted also by looking at other statutes so if you're going to rely on the insurance statutes then it then it might be preempted same thing about the insurance cases as I have with ERISA those don't apply right so your honor if you're just looking at first I just looking at the statute itself there's nothing in the statute that says that we that the estate cannot bring a claim against Ms. Diamond and it's not our burden to show that that that there's a purpose in there that's contrary to that it is the other side's burden to show that there's a purpose in there that would be contravened and and thus that our suit would be preempted there's nothing in the statute itself that says that we can't bring this suit and that's why it's not preempted and I'd like to reserve the rest of my time for rebuttal sure thank you may it please the court my name is Daniel Sam attorney for Betty Diamond the appellee first of all the to state that the statute itself does not say anything about congressional intent as far as preemption is not correct the statute itself does have a provision right at the beginning of the statutory order of precedence that bars recovery by any other person wants payments made that to me can't be said any clearer that's in the first of statute that insurance per statutes but but the language you cite is it it doesn't prohibit having an agreement much like the agreement here or the the state quoted again for me what's up quoted again for me it states that payment bars recovery by any other person that's at the beginning of the statutory order of precedence so so say Betty recovers here that doesn't prohibit Betty from reaching an agreement with the estate saying once I recover it then I turn it on her okay so it's not a really a preemption intent is it it I guess it could be moral it did more or less falls in line with what miss Franson has said is for the administrative convenience and that is we're just going to distribute according to the documents we have on who the designated beneficiaries are after that have at it yeah in other words like in the Hillman case we're dealing with in the Feglia case Feglia statute in that case which is an insurance case dealing with the same argument the the widow in that case there's but let me get back to this you you were addressing miss Franson's that indicates there should be preemption and I've told you a different view now is there any further language that suggests preemption in this statute none that I can think of your honor I think it we have the statutory order of precedence which in of itself is let me have there are two purposes ask you this question going along with where judge Murphy is I have a thrift savings plan and I need to buy a new home and of course the lender is wanting collateral and I give them a lien against my money that I have and I die now that all the contracts are written and everything like this the limit of what I read that the government has to pay the money to the designated beneficiary and they don't they're not required to do any more than that so my wife is the beneficiary of my thrift savings plan she gets the money if it's preempted then the creditor can't come and collect from that source of money to repay my debt that's just that simple but I'm looking at it from and I just don't believe because preemption under the law has to be spelled out actual quick clear and convincing in the statute expressly stated there can be a constructive preemption which I assume that's what we're arguing about here what in essence that would do if you carried it to the point of where it says it's absolutely preempted that creditor just loaned me the money for by my new house gratuitous because they can't collect it is that your position that is my position your honor if it's not if that's part of its preempted we're in that statute unless you say it's preempted that a state court where I have entered in where I have a document that says I have no interest in that where does it preempt then the right of the the children of the deceased so to say to go against the person who the money was paid to TSA is out of it now unless it's clearly preempted right so you're saying that under the TSA it is clearly preempted that Betty gets all the money and nobody else can't do it state of Utah nobody can do anything about it yes your honor I think that's consistent with the Hillman case sitting the Hillman case I understand that we're dealing with a different statute here but Hillman certainly provides instruction on a statutory scheme that is a basically identical on congressional intent and also on policy considerations what would be the purpose of establishing a strict statutory construction you know a statutory precedence if it's subject to state lawsuit claims after the distribution is made but this is not only a state lawsuit claim it's one in which the beneficiary dame has waived in a state court any right title or interest to that money yes that's why I'm pressing you on the preemption theory because it's either got to be extremely clear that Congress intended to preempt that are there you got to be able to get to a constructive type of preemption well your honor that's that's one of the arguments that's made by the children in this case is that there was a waiver that's subject to debate as well what I'm trying to get around is how exactly does under the first preemption apply because it's like I told you if it applies she loses yeah so it so I'm sure that that's where we are under under this statute that this this claim the preempted forever and the children in the estate have no claim even though they may go back to state court and bring an action right it's preempted I think what the court has is and I keep going back to the Hillman case and the case which is also mentioned in our briefs in his Kierdo that one dealt with a retirement plan as well and it it followed Wisner and Wisner is a case under Siglia or a statutory scheme that predated Siglia it it found instruction in that case just like I'm suggesting this court should find instruction in the case of of Hillman not only for the the congressional intent but also the policy considerations we're dealing with identical statutory schemes and and how can you say that a that a insurance benefit or an insurance plan is that much different from a retirement type plan that that you would disregard case law dealing with insurance type statutes but that have identical statutory orders of precedence and so that that's what what I'm saying is that what are the considerations the policy considerations that are mentioned by Justice Thomas in the concurring opinion in Hillman in that in his concurring opinion he talks about the proposition that a beneficiary be automatically transformed to a melee so to speak of how so that I mean the divorce decrees pretty specific what's the melee about it what's the melee about yeah yeah you said this was gonna turn it into a melee I don't I don't see councilman we're not trying to beat up on you we've got a real question here yes that goes a long way and just like the Hillman and the Wisner case does it is absolutely telling heirs and it's telling the state of Utah that in this instance even though you've got a divorce decree that where the party says I waive any right title and they're saying that has absolutely no value in federal court you're just whistling Dixie so when we write this whichever way we go and that's why I'm pinning you down so much as to the PSA to the versa do we really have exactly the same thing that's that's that's my concern I think we do we know that's good I'm wanting to hear why you think we do this there there's always a consideration in a happens if you don't use all of the funds during your lifetime where do those go that that that's what the statutory order of precedence is that's what the beneficiary designation is for we see that in numerous other accounts in other accounts bank accounts IRA accounts they allow and provide for of the account those are subject to state law claims they're not that there's no statutory scheme that sets forth a statutory order precedence like in this case under FERSA that addresses those but what are the considerations there is a consideration similar to a an insurance policy that you would name you would want to take care of those individuals that you want to in naming who would get the insurance benefits who would get the the proceeds left in a retirement account so therefore that I'd say the considerations are the same and in Hillman as they are in this case how do you get around Hillman when they're talking about a an identical order of precedence as they in that all with all the policy considerations and all of the congressional intent that's discussed in in the Hillman case how do we not apply that in this case here it's all of those are instructive to this court but I do agree that this is a new statute not a new statute but it's a statute where this issue hasn't been addressed yet but to the the cases that we've cited in our brief including his gear though which dealt with the retirement type account dealt or drew this is a reliance on yes no scared oh has a far broader statute then no TSP yes he's scared oh specifically prohibits attachment so then we're not talking about wives and children and domestic law we're talking about something completely different we're talking about somebody who's owed a debt and and they want to go after it with attachment right it's carried oh says you can't do that specifically the statute right this statute does not does it no this is this statute is different from the Railroad Retirement Statute Act it's well but but but I'm not sure you is different regardless of whether it's retirement account or whether it's it's an insurance policy right breath of the language attachment in his care though is much broader than the limited statute here yes and it makes me think that that you could have a post distribution agreement the estate and Betty agree okay you got the funds from the federal government now turn them over to us pursuant to our agreement or pursuant to the decree right well what's wrong with that yeah I know you're not agreeing with me but no I I don't agree I think that going back to Hillman we're dealing with the statutory order of precedence that's identical in fig Lea the the language of Hillman is highly instructive to this case I only mentioned his gear though as an example of a case that relied upon a insurance type an insurance case Whistler in its decision but Hillman I think is highly instructive in this case and I I've run out of time I thank you thank you your honors just in conclusion miss diamond decided what she wanted to do with these funds if they were ever distributed to her in the divorce decree she said they belong to Greg and all the estate is asking is for an order from the district court requiring miss diamond to follow through with that commitment and for that reason we asked this court to reverse did I ask you a Murphy and that is on the anti alienation clause in versa I thought that one of the two independent grounds that the district court found and that until now I thought your adversary was arguing was the provision in 8470 it says any amount payable is not assignable or subject to other legal process it sounded like maybe you're ever maybe I misread your adversaries argument I thought they were relying in part on that provision but to the extent that they are or haven't waived that how do you how do you get around that that's pretty pretty broad anti alienation clause it doesn't just bar attachment as but any other legal process with regard to any amount payable yes your I see my time is up may I respond sure so your honor similar clauses have come up before in in different cases especially in Arisa cases and courts have found and actually the Kennedy Court the Supreme Court in Kennedy discussed this and found that anti alienation clauses such as this are not applicable in cases of it's difficult to assign something back to yourself and also just because of the unique unique circumstances revolt around divorce decrees when that exact argument made in Ridgeway and Wisner and rejected your honor it might have been but in in Kennedy that argument was made and actually the Supreme Court found that argument persuasive in Kennedy thank you thank you all right thank you counsel this matter is submitted